**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  23-60022-CIV-SMITH/REID**

KISHAWN DOWE,

    Petitioner,
vs.

MARK INCH, Secretary, Florida Department
of Corrections,

    Respondent.
                                                                          /

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

This matter is before the Court upon Magistrate Judge Reid's Report and Recommendation on Petition for Writ of Habeas Corpus [DE 12], in which she recommends denying Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1].  Petitioner has filed Objections [DE 15] and the State has filed a Response to Petitioner's Objections [DE 16].  For the reasons that follow, the Objections are overruled, and the Report and Recommendation ("R&R") is affirmed.

Under Rule 4(b) of the Magistrate Judge Rules of the Southern District of Florida, written objections to a report and recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." *See also Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (stating that an objection to a magistrate judge's findings and recommendations "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection") (citation omitted).  "[A] party's objections are improper if they expand upon and reframe arguments already made and considered by the

magistrate judge, or simply disagree with the magistrate judge's conclusions." *Rodriguez v. Inch*, No. 2:19-CV-14250-KMM, 2022 WL 2528410, at *2 (S.D. Fla. July 7, 2022).

Petitioner's first objection contends that the Magistrate Judge missed the point of Petitioner's first claim, which was not about notice for a potential reclassification under Florida Statute, section 775.087(1) but was about the constitutionality of section 775.087(1). After stating that the Magistrate Judge missed the point of this claim, Petitioner reargues his claim as set forth in his Petition. Petitioner, however, fails to identify the specific portions of the R&R relating to Petitioner's first claim to which he objects and the specific bases for his objection. Moreover, the R&R does address the constitutionality of section 775.087(1) and also addresses the state courts' holding that section 775.087(1) is constitutional. Accordingly, Petitioner's first objection is overruled.

In his second objection, Petitioner maintains that the Magistrate Judge incorrectly concluded that trial counsel cannot be ineffective for failing to object to a standard jury instruction. Petitioner's objection, however, assumes that had counsel objected to the particular instruction, the objection would have been sustained and would have removed the probability that the jury rejected his entire defense because of that instruction. These assumptions are unsupported speculation. Thus, Petitioner has failed to establish prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Consequently, this objection is overruled.

Petitioner's third objection contends that the magistrate Judge erred by finding that Petitioner suffered no prejudice when his counsel argued "weight of the evidence" during a motion for judgment of acquittal and failed to file a motion for new trial. The R&R found that the evidence was enough for a jury to reach its verdict. Petitioner argues that he was prejudiced because he lost the opportunity for a trial judge to sit as a "thirteenth juror" and vet the verdict based on credibility.

While that may be true, in order to establish prejudice under *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner has not shown that but for counsel's failure to move for a new trial, he would not have been acquitted. Thus, Petitioner has not met the second prong of *Strickland*. Consequently, this objection is overruled.

Petitioner's fourth objection maintains that the Magistrate Judge erred by finding that Petitioner's fourth claim—that trial counsel was ineffective for failing to call Veronica King as a witness to corroborate Petitioner's version of events—was speculative. Petitioner argues that this conclusion imposes an impossible burden at the pleading stage, ignores the proffer made in the Petition, and improperly discounts the prejudice caused by the only corroborating witness's absence. Contrary to Petitioner's objection, this conclusion does not impose an impossible burden; Petitioner could have obtained an affidavit from the corroborating witness setting out her proposed testimony. Without an affidavit or other evidence of Ms. King's proposed testimony, Petitioner's proffer in his Petition is nothing more than speculation, as is Petitioner's assertion that had the jury heard Ms. King's testimony there is a reasonable probability that he would have been acquitted. Consequently, this objection is overruled.

Having reviewed, *de novo*, the Report and Recommendation, Petitioner's Objection, Respondent's Response to the Objections, and the record, it is

**ORDERED** that:

1) The Report and Recommendation on Petitioner for Writ of Habeas Corpus [DE 12] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [DE 1] is **DENIED.**

3) Petitioner's Objection [DE 15] is **OVERRULED.**

4) All pending motions not otherwise ruled upon are **DENIED as moot.**

5) This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 15th day of January, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record/Pro se plaintiff